UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW MELLENTINE and
DEBRA MELLENTINE,

    Plaintiffs,

v.                                        Case No: 8:13-mc-48-T-23AEP

AMERIQUEST MORTGAGE
COMPANY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiffs' Motion for Permission to Appeal *In Forma Pauperis* (Dkt. No. 32) and supporting affidavit (Dkt. No. 33). This matter originally came before the Court on non-party witnesses Bryan Bly and Crystal Moore's Motion to Quash Subpoena Duces Tecum or for Protective Order. (Dkt. No. 1.) The Court denied the motion to quash, but granted the motion for protective order. (Dkt. No. 7.) On September 5, 2013, during the deposition of Ms. Moore, the parties telephonically contacted the undersigned's chambers, informing the Court that the parties had encountered a conflict during the deposition. (Dkt. No. 23 at 29-45.) Specifically, Ryan Rodems, counsel for Ms. Moore and Mr. Bly, instructed Ms. Moore not to answer two questions asked by Plaintiffs' counsel regarding documents signed by Ms. Moore that were not at issue in the underlying litigation, citing that the questions were burdensome and harassing. (Dkt. No. 23 at 11, 14.) After due consideration, the Court ruled that Ms. Moore's deposition was to be limited to inquiries regarding the document at issue. (Dkt. No. 23 at 43.)

Subsequently, Plaintiffs filed a Motion to Reconsider Magistrate's Order Limiting

Discovery in the Depositions of Crystal Moore and Bryan Bly, Motion for Leave to Continue Witnesses Depositions and to Compel Witness' Attendance at Continued Depositions and for Sanctions and Costs, requesting sanctions against Mr. Rodems for obstructive conduct and seeking permission to reopen the depositions of Ms. Moore and Mr. Bly. (Dkt. No. 20.) Ms. Moore filed a response opposing Plaintiffs' requests and seeking to seal Ms. Moore's 2013 and 2010 deposition transcripts. (Dkt. No. 25.) Following a hearing on January 8, 2014, the Court denied Plaintiffs' motion for reconsideration, ruling that Plaintiffs were not entitled to sanctions against Mr. Rodems and that Plaintiffs failed to show a need to reopen the depositions of Ms. Moore and Mr. Bly. (Dkt. No. 30.) Nevertheless, the Court allowed Plaintiffs the opportunity to file a subsequent motion to reopen the depositions of Ms. Moore and Mr. Bly in the event that Plaintiffs could articulate a topic requiring further inquiry. (Dkt. No. 30 at 6.) The Court also denied Ms. Moore's request to seal her 2013 deposition transcript but granted her request to seal her 2010 deposition transcript. (Dkt. No. 30.) Presently, Plaintiffs seek to appeal the Court's denial of their motion for reconsideration. (Dkt. No. 31.) Additionally, Plaintiffs seek leave to file their appeal *in forma pauperis*. (Dkt. No. 32.) For the reasons that follow, the Court recommends Plaintiffs' motion be denied.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party in a district court action seeking to appeal *in forma pauperis* must file a motion in the district court and attach an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1)(A)-(C). As with a request to proceed in a district court action *in forma pauperis*, a court considering a request to proceed on appeal *in forma pauperis* must keep in mind its mandate to dismiss a case at any time if it determines the action or appeal is frivolous

or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  A claim on appeal is frivolous, and thus not brought in good faith, if it is "'without arguable merit either in law or fact.'"  *Ghee v. Retailers Nat'l Bank*, 271 Fed. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In this context, "good faith" is judged by an objective standard and is shown when a party seeks appellate review of any issue not frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Where a court certifies in writing that the appeal is not taken in good faith, a party may not appeal *in forma pauperis*.  28 U.S.C. § 1915(a)(3).

Here, Plaintiffs seek to appeal this Court's Order denying their motion for reconsideration of its order limiting discovery, denying their request to reopen the depositions of Ms. Moore and Mr. Bly, denying their request to impose sanctions on Mr. Rodem, and granting Ms. Moore's motion to seal her 2010 deposition.  (Dkt. No. 31.)  In their Notice of Appeal, however, Plaintiffs merely state that they seek to appeal this Court's Order (Dkt. No. 30) but do not provide further detail regarding the grounds for such appeal.  Plaintiffs' Motion for Permission to Appeal *In Forma Pauperis* (Dkt. No. 32) is likewise silent as to the legal grounds for Plaintiffs' appeal.  Plaintiffs' affidavit in support of their Motion for Permission to Appeal *In Forma Pauperis* merely states that the Order was entered "without any valid basis, failing to make any finding of fact or enter a written decision."  (Dkt. No. 33.)  Based on this meager allegation and considering that the Court entered an Order (Dkt. No. 30) detailing the reasons for its decision, the Court finds that Plaintiffs have failed to identify any non-frivolous argument in favor of reversing this Court's Order.[1]

---

[1]The Court would also note that Plaintiffs' appeal is likely frivolous because they failed to file objections to the Order, entered by a magistrate judge, as required by Federal Rule of Civil Procedure 72(a).  The Eleventh Circuit has explicitly held that "where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party

Accordingly, Plaintiffs fail to present a legal issue that is arguable on its merits and therefore, their appeal is not taken in good faith and their Motion for Permission to Appeal *In Forma Pauperis* (Dkt. No. 32) should be denied.  *See, e.g.*, *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) ("Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees-indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned.").

Accordingly, it is hereby

RECOMMENDED:

1.  Plaintiffs' Motion for Permission to Appeal *In Forma Pauperis* (Dkt. No. 32) be DENIED.

2.  The Court certify that Plaintiffs' appeal is not taken in good faith.

3. The Clerk notify the Eleventh Circuit that the motion to proceed *in forma pauperis* on appeal is denied and that the appeal is not taken in good faith in accordance with Federal Rule of Civil Procedure 24(a)(4)(B).

---

has waived his [or her] right to appeal those orders [in the circuit court]." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (citing *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1286 (11th Cir. 2003)).  The Order challenged by Plaintiffs is a nondispostive, discovery order entered by a magistrate, and Plaintiffs never filed any objections to the Order to the district court.  Accordingly, Plaintiffs would be precluded from challenging the Order on appeal, as their arguments would likely be deemed waived in accordance with *Smith*.  *See* 487 F.3d at 1365.

IT IS SO REPORTED in Tampa, Florida, this 25th day of February, 2014.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (en banc).

cc: Hon. James S. Moody
Counsel of record